UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _1/19/2023_____

IN RE: SIMON ZAROUR

                    Debtor.

_____

SIMON ZAROUR,

                          Appellant,                          No. 22 Civ. 3665 (NSR)
                                                              OPINION & ORDER
      -against-

U.S. BANK N.A., AS LEGAL TITLE TRUSTEE FOR
THE TRUMAN 2016 SC6 TITLE TRUST and John
Doe 1,2,3,4,5,6.

                          Appellee.

_____

NELSON S. ROMÁN, United States District Judge

        This *pro se* appeal arises from the Bankruptcy Court's April 7, 2022 order (ECF No. 1,

Exh. A, hereinafter "Bankruptcy Court Order") dismissing Appellant Simon Zarour's ("Zarour"

or "Appellant") adversary proceeding against U.S. Bank, N.A. ("Appellee" or "U.S. Bank") in the

Southern District of New York, Case No. 22-7004, which arose in connection with an underlying

Chapter 11 bankruptcy proceeding in the Southern District of New York, Case No. 18-22380.[1]

        In the Bankruptcy Court's Order, the Bankruptcy Court granted U.S. Bank's motion to

dismiss the adversary proceeding under Fed. R. Bankr. P. 7012, which dismissed with prejudice

Zarour's claims that U.S. Bank engaged in fraud against the court and violated an automatic stay

under 11 U.S.C. § 362(a); the order dismissed other related claims as well. (*See* Bankruptcy Court

_____

[1]        The underlying bankruptcy proceeding closed as of February 25, 2021.

Order).  Zarour had raised these claims after U.S. Bank claimed that it had rights over certain lots on Zarour's property at issue, moved to lift the automatic stay on Zarour's property, and began a quiet title action in New Jersey state court.  (*See* Amended Adversary Compl., Case No. 22-7004, ECF No. 8-4, at ¶¶ 2–4.)

Appellant appealed on May 5, 2022 before this Court.  (ECF No. 1.) For the following reasons, the Bankruptcy Court's Order is AFFIRMED in its entirety.

## **BACKGROUND**

The following facts are derived from the uncontested facts before the Bankruptcy Court and the record on appeal.

The issues concerning the adversary proceeding relate to Zarour's real property located at 5-06 Elizabeth Street in Fair Law, New Jersey (the "Property").  The Property is divided into four tax lots: Lots 20, 21, 22, 23.

On January 10, 2022, Zarour's *pro se* adversary proceeding was referred to the Bankruptcy Court (C.A. No. 22-7004-rdd).  The adversary proceeding was referred to the Bankruptcy Court by Chief Judge Laura Taylor Swain, as it was initially filed in federal district court on April 6, 2021.  *See Zarour v. U.S. Bank, N.A. et al.*, 1:21-cv-2928 (S.D.N.Y. filed April 6, 2021).

In the adversary complaint, Zarour alleges that U.S. Bank fraudulently claimed that the four lots were part of a mortgage, even though, per Zarour's allegations, only two of the lots were mortgaged (lots 22 and 23).  (*See* Amended Adversary Compl. ¶ 2.)  Zarour also claims that U.S. Bank unlawfully attempted to obtain a judgment against the non-mortgaged lots (lots 20 and 21) by filing a motion in the underlying bankruptcy proceeding to lift the automatic bankruptcy stay under 11 U.S.C. 362(a) and by commencing a quiet title action in New Jersey State court.  (*See id*; Appellant Br. at 6–7.)

In September 17, 2018, the Bankruptcy Court in the underlying bankruptcy proceeding issued an order that lifted the stay on all of the lots on the Property so that the parties could litigate title issues before the New Jersey State court.  (*See* C.A. No. 18-22380, ECF No. 46; *see also* ECF No. 8-3, (hearing transcript on motion for relief from stay as to the property, dated Sept. 7, 2018).) After the stay was lifted as to all four lots, the New Jersey State Court awarded clear title to the whole Property to U.S. Bank; that decision is currently being appealed before the state appellate court.  (ECF No. 8-5 at 23.)

Following the Court's review of the motion to dismiss papers and having held a hearing on the motion on March 18, 2022 (*see* ECF No. 8-5 ("Transcript"), the Bankruptcy Court issued a bench ruling granting the motion in part and denying in part.  (Bankruptcy Court Order at 2.)  The Bankruptcy Court Order memorialized the rulings issued during the March 18, 2022 hearing. (ECF No. 1.)

In the Bankruptcy Court's Order, the bankruptcy court (i) granted U.S. Bank N.A.'s motion to dismiss the adversary proceeding under Fed. R. Bankr. P. 7012; (ii) dismissed with prejudice all claims in the bankruptcy proceeding based on asserted fraud on the Bankruptcy Court and the violation of the automatic stay under 11 U.S.C. § 362(a) in the underlying bankruptcy proceeding; (iii) dismissed all other claims related to the bankruptcy, given that the underlying bankruptcy case had closed; and (iv) denied the motion requesting an order enjoining Zarour from filing any further civil lawsuits against U.S. Bank regarding the property at issue, but indicated that Zarour will be subject to sanctions should he commence another federal action against U.S. Bank alleging the same claims.  (*See* Bankruptcy Court's Order at 2–3.)

Zarour filed the instant appeal on May 5, 2022.  (*See* ECF No. 1.). A Notice of Record of Appeal Availability (Completion) was filed on May 20, 2022. (*See* ECF No. 4.)   Zarour filed his

opening brief on July 25, 2022 (ECF No. 8. ("Appellant Br.")) and reply brief on September 9, 2022. (ECF No. 13 ("Reply Br.")) U.S. Bank filed its opposition on August 24, 2022 (ECF No. 9 ("Appellee Br.")).

## STANDARD OF REVIEW

A district court hearing an appeal from a bankruptcy court reviews the bankruptcy court's findings of fact under the "clearly erroneous" standard, *see* Fed. R. Bankr. P. 8013, while its conclusions of law are reviewed under the *de novo* standard. *See In re Bennett Funding Group, Inc.,* 146 F.3d 136, 137 (2d Cir. 1998). Under *de novo* review, the Court affords no deference to the Bankruptcy Court's decision and decides the question as if no decision had been previously rendered. *See In re Reilly*, 245 B.R. 768, 772 (2d Cir. BAP), *aff'd*, 242 F.3d 367 (2d Cir. 2000) ("A *de novo* review allows us to decide the issue as if no decision had been previously rendered . . . . No deference is given to the Bankruptcy Court's decision.") (*quoting In re Miner*, 229 B.R. 561, 565 (2d Cir. BAP 1999)).

By contrast, review for clear error is much more deferential to the bankruptcy court's findings. Clear error exists "when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Dist. Lodge 26, Int'l Ass'n of Machinists & Aerospace Workers, AFL–CIO v. United Techs. Corp.*, 610 F.3d 44, 51 (2d Cir. 2010) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948). While the lower court's findings of fact are not conclusive on appeal, the party that seeks to overturn them bears a heavy burden. "To be clearly erroneous, a decision must strike [us] as more than just maybe or probably wrong; it must . . . strike [us] as wrong with the force of a five-week-old, unrefrigerated dead fish." *In re Reilly*, 245 B.R. at 772 (quoting *In re Miner*, 229 B.R. at 565). "Particular deference is given to a bankruptcy court's findings on credibility." *In re*

*Portaluppi*, 609 F. App'x 30, 31 (2d Cir. 2015) (citing *In re CBI Holding Co.*, 529 F.3d 432, 450 (2d Cir. 2008)).

The court reviews mixed questions of law and fact either *de novo* or under the clearly erroneous standard depending on whether the question is predominantly legal or factual. *Bay Harbour Mgmt., L.C. v. Lehman Bros. Holdings Inc.*, 415 B.R. 77, 83 (S.D.N.Y. 2009) (internal quotation and citation omitted); *In re Gordon*, 577 B.R. 38, 49 (S.D.N.Y. 2017) ("Bankruptcy courts have the discretion to decide an issue without holding an evidentiary hearing, and a district court can reverse such a decision only if it amounts to an abuse of discretion.").

District courts should liberally construe a *pro se* litigant's submissions and interpret them "to raise the strongest arguments that they suggest." *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006) (citing *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)).

## DISCUSSION

Construing the *pro se* arguments liberally, Zarour argues that the Bankruptcy Court erred by: (i) dismissing with prejudice all claims in the bankruptcy proceeding based on fraud on the Bankruptcy Court and violation of the automatic stay under 11 U.S.C. § 362(a) in the underlying bankruptcy proceeding; (ii) dismissing his additional related claims on the grounds of lack of jurisdiction; and (iii) dismissing his claims based on the *Rooker-Feldman* doctrine, *res judicata*, and collateral estoppel even though none purportedly apply in the action. (*See generally* Appellant Br.)

For the reasons articulated below, the Court agrees with U.S Bank's arguments, and DISMISSES Zarour's bankruptcy appeal.

## I.    The Bankruptcy Court Properly Dismissed Appellant's Main Claims

Zarour's main claims in the adversary proceeding was that U.S. Bank committed fraud against the Bankruptcy Court by claiming that it had a right over non-mortgaged lots 20 and 21 of

5

the Property, and that U.S. Bank violated the automatic bankruptcy stay by commencing a quiet title in New Jersey State court to assert its rights over the whole Property.

In dismissing the claims, the Bankruptcy Court indicated that in September 2018, it had issued an order in the underlying bankruptcy proceeding that lifted the stay on the *whole* Property (not just the mortgage-encumbered lots 22 and 23), and that order was no longer appealable or available for reconsideration under Fed. R. Bankr. P. at 9023 and 9024 given, *inter alia*, the passage of time. (Transcript at 17.) In lifting the stay, the Bankruptcy Court had made clear that it was not deciding that U.S. Bank had a claim over lots 20 and 21, and instead, it left that determination up to the state court. (*See* Transcript at 22–23; *see also* C.A. No. 18-22380; ECF No. 46; *see also* C.A. No. 22-cv-3665, ECF No. 8-3)

Therefore, the Bankruptcy Court found that U.S. Bank did not violate any automatic stay by commencing the quiet title action, nor did it commit fraud against the Bankruptcy Court, given that the Bankruptcy Court was aware at the time that it lifted the stay that there was a question of whether U.S. Bank held title to lots 20 and 21. (*See* Transcript at 25.)

The Court finds that the Bankruptcy Court did not err in dismissing Zarour's main claims based on its prior order lifting the stay in the underlying bankruptcy proceeding. First, the Court agrees that the Bankruptcy Court's September 17, 2018 order lifting the stay is neither appealable nor available for reconsideration, given the amount of time—more than two and a half years—that had passed between the issuance of the Bankruptcy Court's order and the filing of the adversary proceeding (April 6, 2021). *See* Fed. R. Bankr. P. 9023 ("A motion for a new trial or to alter or amend a judgment shall be filed, and a court may on its own order a new trial, no later than 14 days after entry of judgment."); Fed. R. Bankr. P. 9024 (incorporating Fed. R. Civ. P. 60, which indicates that a motion for relief from a judgment or order "must be made within a reasonable

time—and for reasons (1) [mistake, inadvertence, surprise, or excusable neglect], (2) [newly discovered evidence], and (3) [fraud] no more than a year after the entry of the judgment or order or the date of the proceeding."

Second, the Bankruptcy Court did not commit error by leaving to the state court the determination on whether U.S. Bank had title to all four lots.[2]  *See In re Escobar*, 457 B.R. 229, 236 (Bankr. E.D.N.Y. 2011) ("If a bankruptcy court grants a relief from stay motion, it is generally not determining that the movant holds a valid, perfected, and enforceable lien, just as denying a stay relief motion generally does not constitute a determination that the movant does not hold a valid, perfected and enforceable lien."); *see also id*. ("This is due in part to the stay being an injunction imposed by the mere filing of a bankruptcy case, and the recognition that granting stay relief returns the parties to the auspices of a court of competent jurisdiction to determine, on the merits, the relative rights, liabilities and responsibilities of the parties.").

Therefore, the Court affirms the Bankruptcy Court's dismissal of Zarour's main claims in his adversary proceeding.

## II.     The Bankruptcy Court Properly Dismissed Plaintiff's Additional Claims

The Bankruptcy Court dismissed Plaintiff's additional claims that were unrelated to the alleged violation of the automatic stay under 11 U.S.C. § 362(a) on the Property.  These claims included the following: objections to the claim, avoidance of liens, proof of the claims, and obtaining valuation of the underlying collateral and related damages.  (*See* Transcript at 11.)  The Bankruptcy Court found that because the underlying bankruptcy case was closed, it could exercise its discretion to dismiss these additional claims on a jurisdictional basis. (Transcript at 10–11.)

---

[2]     The Court agrees with U.S. Bank that in his briefing in the instant appeal, Zarour largely ignores the entirety of the Bankruptcy Court's reasoning and repeats his prior argument that U.S. Bank has no rights to lots 20 and 21—the Bankruptcy Court has already explained that it left that determination to the state court. (Appellee Br. at 3, 8–9.)

The Court finds that the Bankruptcy Court did not err in dismissing the additional claims based on the grounds that the underlying bankruptcy case was closed as of February 2021, since the Bankruptcy Court had the discretion to do so.  *See In re Porges*, 44 F.3d 159, 162 (2d Cir. 1995) ("We join several other circuits in adopting the general rule that related proceedings ordinarily should be dismissed following the termination of the underlying bankruptcy case. This general rule favors dismissal because a bankruptcy court's jurisdiction over such related proceedings depends on the proceedings' nexus to the underlying bankruptcy case.").

## III.    Additional Arguments Regarding Purported Grounds for Dismissal

In his brief, Zarour makes the additional argument that (i) the *Rooker-Feldman* doctrine[3] does not bar his amended adversary complaint; (ii) that neither *res judicata* nor collateral estoppel bar his amended adversary complaint; and (iii) that his amended adversary complaint presents well-plead and plausible allegations.  (Appellant Br. at 14–22.)

Upon the Court's review of the Transcript, the Court agrees with U.S. Bank that the Bankruptcy Court did not dismiss Zarour's adversary proceeding on any of those three grounds. The Bankruptcy Court specifically stated that it did not dismiss Zarour's adversary proceeding on *Rooker-Feldman* grounds.  (*See* Transcript at 14 ("I don't think Rooker-Feldman applies here").) The Bankruptcy Court also indicated that while the doctrines of collateral estoppel and *res judicata* "may apply", (*id*. at 14), the Bankruptcy Court ultimately reviewed Zarour's claims on the merits. (*See id*. at 15.)   Finally, the Bankruptcy Court indicated that its decision did not hinge on whether

---

[3]       The *Rooker-Feldman* doctrine "denies 'federal district courts ... jurisdiction over cases that essentially amount to appeals of state court judgments.'"  *Barbato v. United States Bank Nat'l Ass'n*, No. 14-CV-2233 (NSR), 2016 WL 158588, at *2 (S.D.N.Y. Jan. 12, 2016) (citing *Vossbrinck v. Accredited Home Lenders, Inc*., 773 F.3d 423, 426 (2d Cir. 2014)).  To apply the *Rooker-Feldman* doctrine, the Court must find that the following four requirements are met: (1) the federal-court plaintiff lost in state court; (2) the plaintiff 'complain[s] of injuries caused by a state court judgment'; (3) the plaintiff 'invite[s] ... review and rejection of that judgment'; and (4) the state judgment was 'rendered before the district court proceedings commenced.'"  *Vossbrinck*, 773 F.3d at 426 (citing *Hoblock v. Albany Cnty. Bd. of Elecs*., 422 F.3d 77, 85 (2d Cir. 2005)).

Zarour raised plausible allegations.  (*See id*. at 16 ("issues of plausibility under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) really don't apply. It's not the facts alleged and plausibility of the facts alleged that's the basis of the motion . . ."). The Court finds no basis for Zarour raising these additional arguments, and thus rejects them.[4]

## CONCLUSION

Based on the foregoing, the decision of the Bankruptcy Court is AFFIRMED. The Clerk of the Court is kindly directed to CLOSE this case. The Clerk of the Court is also kindly directed to mail a copy of this order to pro se Appellant and show service on the docket.


Dated: January 19, 2023
     White Plains, NY

SO ORDERED:

HON. NELSON S. ROMAN
UNITED STATES DISTRICT JUDGE

---

[4]     On January 19, 2023, U.S. Bank filed a letter indicating that Zarour submitted "courtesy copies" to the Court after the submission deadline that actually contained supplemental materials, including additional exhibits and a copy of a New Jersey state case.  U.S. Bank requests that the Court disregard these submissions.  (*See* ECF No. 17.).  The Court finds that even if the Court considers these additional submissions, the Court's conclusion described herein remains the same.